FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

APOTEX, INC. and BERNARD C. SHERMAN,

    Plaintiffs,

v.

EON LABS MANUFACTURING, INC.,

    Defendant.

Case Nos. 01-CV-0482
02-CV-1604

HONORABLE AVERN COHN

## MEMORANDUM

**A.**

This is a patent case. On July 12, 2005 the parties entered into a stipulation and the Court signed an order providing in part as follows:

1. The patent in suit is invalid under 35 USC §102(d).
2. Plaintiffs' claims are dismissed in their entirety.
3. The Court retains jurisdiction over counterclaims Three through Eight and defendant's claim for attorney fees and costs.

Counterclaims Three through Eight generally assert patent unenforceability by reason of breach of the duty of candor in the prosecution of the patent in suit in the Patent Office.

**B.**

The Court held a status conference on March 17, 2006 at the request of the parties because of their inability to resolve the issues over which the Court has retained jurisdiction. It is defendant's position that prior to filing a petition for attorney fees it is entitled to an adjudication on the retained counterclaims. It is plaintiffs' position that the retained counterclaims are moot and defendant is not entitled to attorney fees.

The Court directs defendant to file a motion to set for trial the retained counterclaims with plaintiffs to file a response within fifteen (15) days thereafter, and the Court to set a hearing in sixty (60) days.

## C.

On reflection it appears that the retained counterclaims are moot in light of the invalidity of the patent in suit under 35 USC §102(d), and any further adjudication by the Court would take the form of an adversary opinion since there is no case or controversy between the parties.

Defendant is cautioned that it must make a persuasive case for the existence of a case or controversy over the retained counterclaims at the risk of a sanction under Fed.R.Civ.P. 11.

Should defendant abandon its assertion that it is entitled to an adjudication on the retained counterclaims it shall file an application for attorney fees within thirty (30) days.

## D.

Defendant shall promptly advise the Court of the path it intends to follow.

SO ORDERED.

Dated: March 21, 2006

s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 21, 2006, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5160

S:\OPINIONS\March 2006\Attorney Fees Memorandum.wpd